United States District Court
Southern District of New York

---

Carmine C. Lepore

                    Plaintiff

v.

Yukiguni Maitake CO., LTD.
Yukiguni Maitake Manufacturing Corporation of America
Yukguni Maitake Corporation of America

                    Defendants

Complaint
"ECF Case"
Jury Trial Demanded

**06 CIV. 5493**

**BRIEANT**

---

The Plaintiff Carmine C. Lepore (hereinafter "Plaintiff" or "Mr. Lepore") by his attorney Joseph P. Carey, P.C. and pursuant to FRCP Rule 8(a) as and for his Complaint against Yukiguni Maitake CO., LTD., Yukiguni Maitake Manufacturing Corporation of America and Yukguni Maitake Corporation of America (hereinafter "The Defendants") alleges as follows:

### A. PRELIMINARY STATEMENT

1. This is an action for compensatory and liquidated damages for unpaid overtime pursuant to the Fair Labor Standards Act of 1938 (The ACT), 29 USC §§ 201-209; and this action also contains pendent claims for compensatory and liquidated damages for unpaid overtime pursuant to the New York State Labor Law §663, and its Regulations 12 NYCCR §142-2.2.

### B. JURISDICTION

2. This Court has jurisdiction conferred by the Fair Labor Standards Act of 1938 as amended, codified at 29 USC §§ 201, et. seq. and 29 USC § 216 (b); and § 215 (a) (3); New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

1

## C. VENUE

3. The United States District Court for the Southern District of New York, White Plains Division is the proper venue for this action because the Defendants conduct business within the counties contained in the Southern District of New York, including the White Plains Division, and the Plaintiff resides within the jurisdiction of this Court.

## D. PARTIES

4. The Plaintiff Carmine C. Lepore resides at 354 Nina Street New Windsor, Orange County, New York 12553.

5. Upon information and belief the Defendant Yukiguni Maitake Manufacturing Corporation of America and the Defendant Yukiguni Maitake Corporation of America are chartered in the state of Delaware and are authorized to conduct business in the state of New York. The Defendant Yukiguni Maitake CO., LTD. Is the parent corporation of the other two Defendants and maintains an office at the same location of the other two Defendants at 200 Midway Park Drive Middletown Orange County New York 10940, and is authorized to conduct business in the state of New York. Mr. Kazunori Kameyama is the President and CEO of Yukiguni Maitake Manufacturing Corporation of America; and he is also the Director and General Manager of Operations of Yukguni Maitake Corporation of America; and he is also the Representative of Yukiguni Maitake CO., LTD. in the United States.

## FACTUAL ALLEGATIONS
## E. FAILURE TO PAY OVERTIME

6. The Defendant unlawfully asserts the outside sales employee exemption for the Plaintiff Lepore. The primary duty of the Plaintiff Lepore is the conduct of inside sales to distributors of the Defendants.

7. Plaintiff Lepore regularly worked in a given work week in excess of 40 hours, and Defendant did not record the weekly hours worked in excess of 40.

8. The Plaintiff Lepore regularly worked at his residence during non-business hours by reason of telephone conferences with the Defendant Yukiguni Maitake CO., LTD. to its offices in

2

Japan. These teleconferences were made in the course of work assignments given to the Plaintiff by the Defendant Yukiguni Maitake Co. LTD, which because of the time zones between Orange County New York and Japan, could only be conducted during non-business hours for the Plaintiff. The performance by Plaintiff of such work assignments was directed by the Defendant Yukiguni Maitake CO., LTD. in Japan, during their business hours.

9. The plaintiff Lepore received no overtime compensation for any of the weekly hours worked in excess of 40 as alleged in paragraphs 7 and 8 herein.

## COUNT 1: COMPENSATORY AND LIQUIDATED DAMAGES FOR PLAINTIFF LEPORE FOR VIOLATION OF FLSA AND ITS REGULATIONS 29 CFR PART 778

10. Plaintiff Lepore repeats and realleges ¶¶ 1-9 above as fully set forth herein.
11. Upon information and belief the Defendant has had the services of multiple Labor and Employment attorneys in the past and knew or should have known that Plaintiff Lepore did "not meet the criteria for an outside sales employee as set forth in 29 CFR §§ 500, 501 and 502.
12. The Defendants failure to pay Plaintiff Lepore overtime compensation for such hours worked was willful and in violation of the Fair Labor Standards Act and its Regulations 29 CFR Part 778.

## COUNT 2: COMPENSATORY AND LIQUIDATED DAMAGES FOR PLAINTIFF LEPORE FOR VIOLATION OF NEW YORK STATE LABOR LAW §663 AND ITS REGULATIONS 12 NYCCR §142-2.2.

13. Plaintiff Lepore repeats and realleges ¶¶ 1-12 above as fully set forth herein.
14. The Defendants willfully failed to record the times mentioned in ¶¶ 7 and 8 herein as "hours worked" and thereby willfully failed to pay overtime compensation to the Plaintiff Lepore, in violation of the New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Lepore, requests that this Court enter Judgment and Order:

a. Declaring that the Defendants violated the Fair Labor Standards Act and New York Labor Law, §663 and its Regulations 12 NYCCR §142-2. 2.

b. Declaring that the Defendants' violations of the FLSA and New York Labor Law were willful;

c. Awarding the Plaintiff Lepore damages for his claims of unpaid wages as secured by the Fair Labor Standards Act.

d. Awarding Plaintiff Lepore an amount for liquidated damages, as determined by the jury, equal to his unpaid wages as contained in the c) herein.

e. Awarding Plaintiff Lepore damages for his claims of unpaid wages as secured by New York State Labor Law §663 and its Regulations 12 NYCCR §142-2.2.

f. Awarding Plaintiff Lepore an amount for 125% of the amount of e) herein as liquidated damages as determined by the jury.

g. Granting Plaintiff Lepore such other and further relief as this Court finds just and necessary.

## JURY TRIAL DEMAND

Plaintiff Lepore demands a jury trial on all questions of fact in this action.

Dated: July 18, 2006
Fishkill, New York

Joseph P. Carey, P.C.

By_____
Joseph P. Carey (JC4096)
Attorney for the Plaintiff and all those
Similarly situated
1081 Main Street, Suite E
Fishkill, New York 12524
(845) 896-0600

**CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)**

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I hereby consent to be a Plaintiff in an action under the FLSA 29 USC § 201 at. seq., to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Defendant Corporations.

I authorize the law office of Joseph P. Carey, P.C. and any associated attorneys, as well as my successors or assigns, to represent me in such action.

Dated: 7/19/06

_Carmine C. Lepore_
Signature

CARMINE C. LEPORE
Name (Printed)