UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARMINE C. LEPORE,

                        Plaintiffs,

    - against –

YUKIGUNI MAITAKE CO., LTD., YUKIGUNI
MAITAKE MANUFACTURING CORPORATION
OF AMERICA, and YUKIGUNI MAITAKE
CORPORATION OF AMERICA.
                        Defendants.
------------------------------------------------------------------x

Case Number: 06-CIV-5493 (CLB)(LMS)

**DEFENDANTS' NOTICE OF MOTION FOR SUMMARY JUDGMENT**

**PLEASE TAKE NOTICE** that pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the Southern District of New York, Defendants Yukiguni Maitake Co., Ltd., Yukiguni Maitake Manufacturing Corporation of America, and Yukiguni Maitake Corporation of America will move this Court, at the United States Courthouse, located at 300 Quarropas Street, White Plains, NY 10601 before the Charles L. Brieant U.S.D.J., at 10 a.m. on July 27, 2007, or as soon thereafter as counsel may be heard, for an Order granting Defendants summary judgment because there are no material facts in dispute and Defendants are entitled to judgment as a matter of law.

    Defendants' Local Rule 56.1 Statement, the affirmation of Richard K. Muser with attached exhibits, the Affidavit of Kazunori Kameyama with attached exhibits, and Defendants' Memorandum of Law are being filed contemporaneous with this Notice of Motion.

Dated:   July 5, 2007
           New York, New York

                                          Respectfully submitted,

                                          CLIFTON BUDD & DeMARIA, LLP
                                          Attorneys for Defendants

                                          By: _____
                                               Richard K. Muser (RM 5220)
                                          420 Lexington Avenue, Suite 420
                                          New York, New York 10170-0089
                                          (212) 687-7410

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARMINE C. LEPORE,                              :
                                                :
                   Plaintiff,      :
                                                :  Index No 06-CIV-5493 (CLB)(LMS)
    -against-                                  :  ECF CASE
                                                :
YUKIGUNI MAITAKE CO., LTD.,                     :  **DEFENDANTS' RULE 56.1**
YUKIGUNI MAITAKE MANUFACTURING                  :  **STATEMENT**
CORPORATION OF AMERICA, and                     :
YUKIGUNI MAITAKE CORPORATION OF                 :
AMERICA,                                        :
                                                :
                 Defendants.     :
-----------------------------------------------------------x

      **DEFENDANTS**, pursuant to Local Rule 56.1 submit that there is no genuine issue with respect to the following material facts.

      1.     Yukiguni Maitake Company, Ltd. is a company based in Japan with no United States employees. (Kameyama Aff. ¶ 3.)

      2.     Yukiguni Maitake Corporation of America ("YMCA") is a wholly-owned subsidiary of Yukiguni Maitake Company, Ltd. (Kameyama Aff. ¶ 2.)

      3.     Yukiguni Maitake Corporation of America was formed to promote the sale of Maitake mushrooms in the United States. (Kameyama Aff. ¶ 4.)

      4.     Yukiguni Maitake Manufacturing Corporation of America is a wholly-owned subsidiary of Yukiguni Maitake Company, Ltd. (Kameyama Aff. ¶ 3.)

      5.     Yukiguni Maitake Manufacturing Corporation of America was formed to purchase, own and develop land in the New York Metropolitan area on which to build a plant for the cultivation of Maitake mushrooms in the United States. (Kameyama Aff. ¶ 5.)

6. The Plaintiff in this matter, Carmine Lepore, has been the only Salesman and Sales Manager of YMCA since he was hired. (Kameyama Aff. ¶ 7.)

7. Carmine Lepore has never been employed by Yukiguni Maitake Company, Ltd., nor Yukiguni Maitake Manufacturing Corporation of America. (Kameyama Aff. ¶ 2.)

8. Since his hiring, Plaintiff, Carmine Lepore, has had the title of Sales Manager for YMCA. (Kameyama Aff. ¶ 8.)

9. In his employment with YMCA Mr. Lepore has never had the responsibility of supervising or overseeing any employees. (Kameyama Aff. ¶ 17.)

10. In his employment with YMCA Mr. Lepore has always been provided with a car for which the Company has paid all expenses. (Kameyama Aff. ¶ 11.)

11. In connection with his employment at YMCA Mr. Lepore has always been provided with a Company-paid cell phone, laptop, and Company credit card for business use. (Kameyama Aff. ¶ 12.)

12. Mr. Lepore has also been allowed to spend reasonable amounts on travel and entertainment of customers and potential customers. (Kameyama Aff. ¶ 13.)

13. Mr. Lepore has always been the employee at YMCA who is primarily responsible for sales of Maitake mushrooms and related products. (Kameyama Aff. ¶ 22.)

14. Mr. Lepore's job duties always included the obligation to travel outside the office to meet with clients and prospective clients and promote the sales of the Company's products. (Kameyama Aff. ¶ 14.)

15. Mr. Lepore's sales duties regularly took him outside of the Company's office. (Kameyama Aff. ¶ 14.)

16. The Company has repeatedly urged Mr. Lepore to spend more time outside of the office visiting clients and prospective clients. (Kameyama Aff. ¶ 15.)

17. Mr. Lepore's primary duty has always been to sell Maitake mushrooms and their related products. (Kameyama Aff. ¶ 10.)

18. Mr. Lepore is compensated on salary plus commission based on sales. (Kameyama Aff. ¶ 18.)

19. Mr. Lepore has been told by his current supervisor, Kazunori Kameyama, that his employment is evaluated by the amount of sales he produces. (Kameyama Aff. ¶ 18.)

20. Mr. Lepore has the use of a Company credit card for expenses incurred in connection with attempting to sell the Company's products. (Kameyama Aff. ¶ 12.)

21. Prior to the institution of this lawsuit, Mr. Lepore never demanded or requested the payment of overtime from YMCA. (Kameyama Aff. ¶ 20.)

22. Mr. Lepore's responsibilities at YMCA have always included finding new business and retaining old business. (Lepore Dep. p. 22.)

23. Mr. Lepore was hired in part because of his sales experience. (Lepore Dep. p. 15.)

24. Mr. Lepore's compensation includes a special commission on opening new clients. (Exhibit A to Kameyama Affidavit).

25. Mr. Lepore was told when he applied for the job that it was a sales position. (Lepore Dep. p. 15.)

26. The product YMCA sells is very specialized and unique and requires Mr. Lepore to develop and maintain good customer relationships. ((Kameyama Aff. ¶ 21.)

27. Mr. Lepore had discretion over the specific hours he works and whether he comes to the Company's office or visits customers. (Kameyama Aff. ¶ 19.)

28. Mr. Lepore admits that he considers his position at YMCA to be that of a professional sales executive. (Lepore Dep. p. 153).

July 5, 2007

Respectfully submitted,

_____
Richard K. Muser, Esq.
Clifton Budd & DeMaria, LLP
Attorneys for Defendants
420 Lexington Avenue, Suite 420
New York, New York 10170
212-687-7410
